IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| William Patrick Henry, ) | |
| ) | C.A. No. 6:25-cv-216-TMC-KFM |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| D. Young and W. Rankin, ) | |
| ) | |
| Defendants. ) | |

      The plaintiff, a former pretrial detainee in the Spartanburg County Detention Center ("the Detention Center"), brought this action proceeding *pro se* seeking relief pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under Section 1983 and submit findings and recommendations to the district court.

      On May 9, 2025, the defendants filed a motion for summary judgment (doc. 24). On May 12, 2025, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately (doc. 25). On June 2, 2025, the *Roseboro* order mailed by the Clerk of Court to the plaintiff at the Detention Center was returned marked "Return to Sender. Not Deliverable as Addressed. Unable to Forward" (doc. 27). On June 3, 2025, the defendants' counsel filed a notice of failure of service, notifying the court that the motion for summary judgment and attachments served on the plaintiff at the Detention Center were returned by the United States Postal Service as undeliverable, with the envelope marked "Not in Jail" (docs. 28, 28-1). The plaintiff has not provided either the Clerk of Court or

defense counsel with an updated address.[1] The plaintiff's response to the motion for summary judgment was due by June 12, 2025. The plaintiff has not filed a response.

As the plaintiff is proceeding *pro se*, the court filed a second order on June 18, 2025, giving the plaintiff through July 9, 2025, to file his response to the motion for summary judgment (doc. 29).  The plaintiff was specifically advised that if he failed to respond, the undersigned would recommend that the district court dismiss this action for failure to prosecute.  The plaintiff did not respond.

A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989).  In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the history of the plaintiff in proceeding in a dilatory manner; and,
>
> (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978) (citing *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)). These four factors "are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a

---

[1] By order entered January 29, 2025, the plaintiff was instructed that he must always keep the Clerk of Court advised in writing if his address changes for any reason and further that if he fails to meet a deadline set by the court as a result of his failure to do so, his case may be dismissed for violating the order (doc. 7 at 3).

2

recommendation of dismissal would result from failure to obey his order" was an important factor supporting dismissal. *Id.* at 95–96 (citation omitted).

In the present case, the plaintiff is proceeding *pro se*, and he is thus entirely responsible for his actions. It is solely through the plaintiff's neglect, and not that of an attorney, that no response has been filed. Meanwhile, the defendants are left to wonder when the action will be resolved. The plaintiff has not responded to the defendants' motion for summary judgment or the court's orders requiring him to respond. Accordingly, the undersigned concludes the plaintiff has abandoned this lawsuit. No other reasonable sanctions are available.

Based on the foregoing, it appears the plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed for lack of prosecution pursuant to Rule 41(b). The Clerk of Court shall immediately mail this report to the plaintiff. If the plaintiff notifies the court within the time set forth for filing objections to this report that he wishes to continue with this case and complies with the court's prior orders, the Clerk of Court is directed to vacate this report and return this case to the undersigned for further handling. If, however, the plaintiff does not file objections or a response to the motion for summary judgment, the Clerk of Court shall forward this report to the district court for disposition. Should the district court adopt this recommendation, the defendants' motion for summary judgment (doc. 24) will be rendered moot.

IT IS SO RECOMMENDED.

s/Kevin F. McDonald
United States Magistrate Judge

July 15, 2025
Greenville, South Carolina

***The attention of the parties is directed to the important notice on the following page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Suite 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).