IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| William Patrick Henry, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 6:25-cv-00216-TMC |
| v. ) | |
| ) | **ORDER** |
| D. Young, W. Rankin, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff William Patrick Henry, a pretrial detainee proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983 seeking relief for alleged constitutional violations. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d), (e) (D.S.C.), the action was automatically referred to a United States Magistrate Judge for all pretrial proceedings. On February 28, 2025, the magistrate judge issued a Report and Recommendation ("Report I"), (ECF No. 15), concluding that to the extent the complaint alleged an excessive force claim, the action survived judicial screening and could move forward, *id*. at 1. However, to the extent the complaint alleged medical indifference and/or other claims, the magistrate judge concluded Plaintiff failed to state a claim upon which relief may be granted and recommended summary dismissal. *Id*. at 5. Plaintiff was advised of his right to file specific objections to Report I within 14 days of service, *id*. at 6, and Report I was mailed to Plaintiff at the address he provided the court. (ECF No. 16). On March 25, 2025, Report I was returned to the court marked "not deliverable as addressed, unable to forward." (ECF No. 20).

Subsequently, Defendants filed a motion for summary judgment. (ECF No. 24). The magistrate judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975),

advising Plaintiff about the summary judgment process and the potential consequences of Plaintiff's failure to adequately respond. (ECF No. 25). On June 2, 2025, the *Roseboro* order was sent to Plaintiff at the address he provided the court, (ECF No. 26), and, like before, it was returned to the court marked "not deliverable as addressed, unable to forward." (ECF No. 27). On June 3, 2025, Defendant filed a notice indicating that the summary judgment materials were sent to the same address provided by Plaintiff and were returned bearing the handwritten phrase "not in jail." (ECF Nos. 28; 28-1). Unsurprisingly, Plaintiff has not responded to the motion for summary judgment.

Despite having been directed to keep the court apprised of his current address and advised of the potential consequences of failing to do so (ECF No. 7), Plaintiff has never provided the court with an updated address. Nevertheless, in light of Plaintiff's *pro se* status, the magistrate issued an order on July 9, 2025, granting Plaintiff one more chance to respond to the motion for summary judgment and warning him that another failure to respond would result in a recommendation of dismissal for failure to prosecute. (ECF No. 29). This final order was returned once again marked "not deliverable as addressed, unable to forward." (ECF No. 33).

On July 15, 2025, the magistrate judge issued a Report and Recommendation ("Report II"), concluding that Plaintiff has abandoned this lawsuit and no longer wishes to pursue the claims herein and recommending that the court dismiss the action for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (ECF No. 31 at 3). Plaintiff was advised of his right to file specific objections to Report II within 14 days of service. *Id*. at 4. Report II was mailed to Plaintiff at the same address – the only one he has ever provided the court. (ECF No. 32). Report II has not yet been returned as undeliverable; however, the time for responding has expired.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district

court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Having reviewed Report II (ECF No. 31) and the record and, finding no clear error, the court agrees with and wholly **ADOPTS** the magistrate judge's findings and recommendations in Report II (ECF No. 31), which is incorporated herein by reference. Accordingly, this action is hereby **DISMISSED with prejudice** for lack of prosecution for the reasons detailed by the magistrate judge in Report II. The motion for summary judgment (ECF No. 24) is **DENIED AS MOOT.** In light of the foregoing, the court need not address the conclusions and recommendations set forth in Report I (ECF No. 15).

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
August 4, 2025

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.